WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

CASE NO.: CR-25-08071-PCT-CDB

UNITED STATES OF AMERICA v. **COLLIN ARDELL SINE**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 2 of the Information:** Resisting Arrest, in violation of 43 C.F.R. §§ 8365.1-4(a)(4) & 8360.0-7 and 18 U.S.C. § 3571(b)(5), a Class A misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571): $100,000.00
MAXIMUM IMPRISONMENT (43 C.F.R. § 8360.0-7): One year
MAXIMUM PROBATION/SUPERVISED RELEASE (18 U.S.C. § 3561): Five years/One-year supervised release
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $25.00

SENTENCING GUIDELINES RECOMMENDATIONS. The parties recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following United States Sentencing Guidelines calculations:
   Total Offense Level: 10 (base) - 2 (acceptance) = 8
   U.S.S.G. § 2A2.4
   Criminal History Category: I
   Imprisonment Range: 0 to 6 months
   Supervised Release Range: 1 year
   Fine Range: $2,000.00 to $20,000.00

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:**
The defendant shall be sentenced to two years of supervised probation. In addition to the mandatory and standard conditions of supervision set forth in General Order 17-18, as well as any terms of supervision that the Court deems appropriate, the defendant's supervision shall include the following conditions:
   1. You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.
   2. You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer.

1

      You must contribute to the cost of treatment in an amount to be determined by the probation officer.
3. To the extent the probation officer determines you are reasonably able to pay the costs of doing so, you must participate in an approved program for anger management.
4. You must not use or possess alcohol or alcoholic beverages.
5. You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.
6. You must not contact the following victim(s), A.W.V., and the probation officer will verify compliance.
7. You shall not call, text, or otherwise communicate with any personnel from the Federal Law Enforcement Communications Center, the Bureau of Land Management, the National Park Service, the Las Vegas Metropolitan Police Department, and/or any 911 call centers, except for legitimate emergencies.
8. You shall not threaten, stalk, or harass any personnel from the Bureau of Land Management, the National Park Service, the Las Vegas Metropolitan Police Department, and/or any 911 call centers.
9. You are banned from the Lake Mead National Recreation Area, the Havasu National Wildlife Refuge, the Bill Williams River National Wildlife Refuge, the National Forests in the State of Arizona, and the Bureau of Land Management administered lands in the states of Arizona and Nevada, with the exception of traveling through those areas on any federal, state, and/or local highways or roads.
10. You must rectify any outstanding warrants from any state and/or local courts, including (but not limited to) submitting to the jurisdiction of those courts within 90 days of your release from custody or from sentencing (whichever is longer).

The parties stipulate and agree that the submission of drug testing under Mandatory Condition #3 shall be suspended. Substance abuse testing shall be in the discretion of the probation officer.

Fine, in addition to the mandatory special assessment of $25.00, in the discretion of the Court but capped at $1,000.00.

**RESTITUTION:** Not applicable.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentence are accepted by the Court, the United States Attorney's Office agrees that it will: (1) not file any additional charges pertaining to the events set forth in the affidavit supporting the Complaint in Case No. 25-04110MJ-001-PCT-CDB; (2) dismiss the Complaint in Case No. 25-04110MJ-001-PCT-CDB with prejudice to the extent it is still pending; (3) dismiss Count 1 of the Information with prejudice at the conclusion of sentencing; and (4) not refer the matters to the state or local authorities for prosecution.

The defendant understands that local law enforcement officers assisted in these matters. Nothing in this agreement prohibits the United States from cooperating with or providing information to any state or local jurisdiction if information from those entities is so requested. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**VICTIM(S) INFORMED OF AGREEMENT:** Yes. Concurs.

**ELEMENTS OF OFFENSE(S):** On or about March 27, 2025, within the public lands owned by the United States of America and administered by the Bureau of Land Management, in the District of Arizona:

> **Resisting Arrest (BLM):** The defendant did unlawfully cause a public disturbance and create a risk to other persons on public lands by resisting arrest by an authorized officer engaged in performance of official duties. 43 C.F.R. § 8365.1-4(a)(4).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on March 27, 2025, I was within the public lands owned by the United States of America and administered by the Bureau of Land Management (BLM) in the District of Arizona. I had been camping/staying on public lands in the area of Oatman, Arizona, which is in Mohave County Area. I admit that I was approached by BLM law enforcement rangers, as well as other law enforcement officers, because they had a warrant for my arrest in Case No. 25-04110MJ-001-PCT-CDB. I admit that I resisted arrest by barricading myself in my car and refusing to come out of my vehicle for about two hours.

> I admit that they eventually had to use tear gas to gain my compliance. After my arrest, I admit that I was uncooperative and refused to walk. I continued to be uncooperative and resist their efforts when I was taken to a hospital for a medical clearance.
>
> I admit that the BLM rangers were in uniform and working in the performance of their official duties when I resisted arrest. I further admit that my actions created a public disturbance and risk to other persons on public lands, including to the law enforcement officers who were attempting to arrest me.
>
> I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Collin Ardell Sine**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties has been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

[ ] The parties request that a presentence investigation and report be conducted in this matter.

[X] The parties do **not** request that a presentence investigation and report be conducted in this matter. Pursuant to Rule 32(c)(1)(A)(ii), Federal Rules of Criminal Procedure, the parties believe sufficient information exists in the record to enable that Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553.

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_____    05/14/2025
Collin Ardell Sine                  Date
Defendant


_____    5/14/25
Matthew Poirier, Esq.               Date
Attorney for the Defendant


_____    5-14-25
Paul V. Stearns                     Date
Assistant United States Attorney


_____    5/14/2025
Camille D. Bibles                   Date
U.S. Magistrate Judge


__✓__ ACCEPTED      _____ REJECTED

6